# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATA, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv-00924-SKO PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.	Screening Requirement and Standard**

Plaintiff Lewis Thompson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 24, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell
3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required
4  to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.
5  2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,
6  legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

7       To state a claim, Plaintiff must demonstrate that each defendant personally participated in
8  the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations
9  sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret
10 Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of
11 meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

12 **II.**     **Summary of Complaint**
13      **A.**     **Allegations**

14      Plaintiff, an inmate currently incarcerated at Chuckawalla Valley State Prison, brings this
15 action against Chief Medical Officer A. Enenmoh, Doctors O. Beregovskia, J. Metts, and Rotman,
16 and Licensed Vocational Nurses Mata and Hoover for allegedly violating his Eighth Amendment
17 rights while he was at the California Substance Abuse Treatment Facility.

18      Plaintiff suffers from high blood pressure, glaucoma, and deep vein thrombosis (DVT).
19 Plaintiff alleges that although his high blood pressure and glaucoma were being treated with
20 medication, Defendants failed to provide him with appropriate medical care for his DVT.  Plaintiff's
21 affected leg was swollen, bleeding, and infected, and he suffered from worsening open sores, but
22 Defendants Beregovskia, Metts, and Rotman refused to refer him to an outside specialist.  Although
23 Defendants Metts and Rotman ordered daily dressing changes for Plaintiff's leg, Defendants Mata
24 and Hoover refused to comply with the directive.  Plaintiff alleges that he was taking care of his open
25 wound himself by changing the dressing daily and he was forced to walk on a leg that caused him
26 pain and adversely affected his daily activities.

27 ///
28 ///

**B.     Medical Care Claim**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

Plaintiff has adequately alleged the existence of a serious medical need, but his conclusory allegations are insufficient to support a claim against any of the defendants for knowingly disregarding a substantial risk of harm to Plaintiff's health. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969; Farmer, 511 U.S. at 837. While Plaintiff disagrees with Defendants Beregovskia, Metts, and Rotman's decision not to refer him to an outside specialist, his mere disagreement with their medical decision falls short of supporting an Eighth Amendment claim. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff does not have an unqualified right to see an outside specialist such that the failure to refer him necessarily supports a claim under section 1983, and Plaintiff's complaint sets forth no specific facts supporting his conclusory assertion that prison doctors were not competent to address his DVT.

Although Defendants Mata and Hoover were allegedly directed to change Plaintiff's dressing daily and they refused to do so, Plaintiff was able to change his own dressing daily. The circumstances surrounding the situation are left unclear, but if, for example, Defendants Mata and Hoover provided Plaintiff with the necessary supplies but refused to personally change his dressing, no Eighth Amendment claim will lie against them because their actions did not rise to the level of deliberate indifference.

///

1    Finally, Plaintiff does not allege any facts against Defendant Enenmoh. Presumably he is
2 named as a defendant because he is the Chief Medical Officer at the prison. However, under section
3 1983 Plaintiff must demonstrate that each named defendant personally participated in the deprivation
4 of his rights. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-
5 21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v.
6 Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel
7 under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.
8 Supervisors may only be held liable if they "participated in or directed the violations, or knew of the
9 violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);
10 accord Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570
11 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th
12 Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997), and no such facts are alleged.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

///

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed May 24, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 12, 2011**                              /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE